UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

Jane Best-Simpson,

                                        Plaintiff,                    07 CV 2683 (BSJ)(AJP)

                                                                      *Pro Se* Case

            -against-

NEW YORK ORGAN DONOR NETWORK, ELAINE          **ANSWER**
BERG, *Individually and in her Professional Capacity*,
MICHELE CLAYTON LUCAS, *Individually and in her
Professional Capacity*, Julia Rivera, *Individually and in
her Professional Capacity* and Martin Woolf
*Individually and in his Professional Capacity*, ROBERT
GOSSEEN, GALLAGHER, GOSSEEN, FALLER &
CROWLEY, THE NEW YORK CITY COMMISSION
ON HUMAN RIGHTS, PATRICIA GATLING,
*Individually and in her Professional Capacity*; MR.
RAYMOND WAYNE, *Individually and in his
Professional Capacity*; MS. LANNY ALEXANDER,
*Individually and in her Professional Capacity* and MR.
CLIFF MULQUEEN, *Individually and in his
Professional Capacity*,

                                        Defendants.
------------------------------------------------------------------------x

          Defendants, The New York City Commission On Human Rights ("HRC"),

Patricia Gatling, *individually and in her professional capacity*; Raymond Wayne, *individually

and in his professional capacity*; Lanny Alexander, *individually and in her professional capacity*

and Cliff Mulqueen, *individually and in his professional capacity* (hereafter referred to

collectively as the "HRC Defendants"), by their attorney, Michael A. Cardozo, Corporation

Counsel of the City of New York, as and for their answer to the complaint of plaintiff Jane B.

Simpson, respectfully aver as follows:

1.      Deny each and every allegation contained in paragraph 1 of the complaint, except recognize that this action purports to be brought under certain statutes set forth in paragraph 1.

2.      Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 2 through and including paragraph 10 of the complaint.

3.      Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 11 of the complaint, except admit that Best-Simpson provided certain documentation to the HRC.

4.      Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 12 through and including paragraph 34 of the complaint.

5.      Deny the allegations of paragraphs 35 through and including paragraph 41 of the complaint.

6.      Paragraph 42 of the complaint is unintelligible; to the extent paragraph 42 alleges that that the listed employees of the New York City Human Rights Commission are experienced attorneys and that some are former prosecutors, it is admitted.

7.      Deny the allegations of paragraphs 43 through and including paragraph 49 of the complaint.

8.      Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 50 through and including paragraph 56 of the complaint.

9.      Deny the allegations of paragraphs 57 through and including paragraph 59 of the complaint.

10.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 60 through and including paragraph 63 of the complaint.

11.    Admit that Paragraph 64 purports to invoke certain federal statutes as a basis for jurisdiction and respectfully refer the Court to those statutes for their terms and conditions.

12.    Deny that the Court has jurisdiction under the listed statutes.

13.    Admit that Paragraph 66 purports to invoke a certain federal statute as a basis for jurisdiction and respectfully refer the Court to that statute for its terms and conditions.

14.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 67 through and including paragraph 68 of the complaint.

15.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 69 through and including paragraph 95 of the complaint.

16.    Admit, as alleged in paragraph 96 of the complaint, that the New York City Human Rights Commission is an agency of the City of New York and that certain of its duties are set forth in Title 8 of the Administrative Code of the City of New York, and respectfully refer the Court to Title 8 of the Administrative Code of the City of New York for its contents.

17.    Admit the allegations of paragraph 97 of the complaint.

18.    Admit the allegations of paragraph 98 of the complaint, except deny that Clifford Mulqueen was the immediate supervisor of Lanny Alexander.

19.    Admit the allegations of paragraph 99 of the complaint.

20.    Deny the allegations of paragraph 100 of the complaint.

21.    Neither admit nor deny the allegations of paragraph 101 through and including paragraph 103 of the complaint, but respectfully refer the Court to Title 8 of the Administrative Code of the City of New York.

22.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 104 through and including paragraph 106 of the complaint.

23.     Paragraph 107 states a legal conclusion and does not require an admission or a denial; to the extent it may so require, it is denied.

24.     Deny the allegations of paragraph 108 of the complaint.

25.     Paragraph 109 states a legal conclusion and does not require an admission or a denial; to the extent it may so require, it is denied.

26.     Deny the allegations of paragraph 110 through and including paragraph 116 of the complaint to the extent the allegations are intended to apply to the HRC Defendants, and otherwise deny knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 110 through and including paragraph 116 of the complaint.

27.     Deny the allegation contained in paragraph 117 of the complaint that on April 14, 2003, plaintiff filed a purported charge of discrimination with the New York City Human Rights Commission, and otherwise deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 117 of the complaint.

28.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 118 through and including paragraph 147 of the complaint.

29.     Deny the allegations of paragraph 148 of the complaint.

30.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 149 of the complaint.

31.     Deny the allegations of paragraph 150 of the complaint.

32.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 151 through and including paragraph 189 of the complaint.

33.     Deny the allegations of paragraph 190 through and including paragraph 192 of the complaint.

34.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 193 through and including paragraph 196 of the complaint, except deny the allegations contained in paragraph 196 (ii) through and including paragraph 196 (xii) of the complaint.

35.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 197 through and including paragraph 219 of the complaint.

36.     Deny the allegations of paragraph 220 of the complaint.

37.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 221 of the complaint, including paragraph 221 (a).

38.     Deny the allegations of paragraph 222 and paragraph 223 of the complaint.

39.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 224 through and including paragraph 225 of the complaint.

40.     Deny the allegations of paragraph 226 of the complaint.

41.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 227 through and including paragraph 466 of the complaint.

42.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 467 of the complaint, except admit that plaintiff was interviewed regarding her purported charge of discrimination on or about April 14, 2004 and that plaintiff filed a complaint on or about September 13, 2004, and deny to the extent that paragraph 467 alleges HRC Defendants purposely failed to investigate charges brought by plaintiff to HRC.

43.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 468 through and including paragraph 473 of the complaint.

44.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 474 of the complaint, except admit that Best-Simpson provided certain documentation to the HRC.

45.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 475 through and including paragraph 502 of the complaint.

46.    Deny the allegations contained in paragraph 503 through and including paragraph 504 of the complaint.

47.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 505 through and including paragraph 506 of the complaint.

48.    Deny the allegations of paragraph 507 of the complaint, except admit that Best-Simpson provided certain documentation to the HRC.

49.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 508 of the complaint.

50.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 509 of the complaint, except admit that Best-Simpson provided certain documentation to the HRC.

51.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 510 through and including paragraph 517 of the complaint.

52.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 518 of the complaint, except admit that Best-Simpson provided certain documentation to the HRC.

53.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 519 through and including paragraph 521 of the complaint.

54.     Deny the allegations of paragraph 522 through and including paragraph 523 of the complaint to the extent the allegations are intended to apply to the HRC Defendants, and otherwise deny knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 522 through and including paragraph 523 of the complaint.

55.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 524 through and including paragraph 536 of the complaint.

56.     Paragraph 537 does not call for a response.

57.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 538 through and including paragraph 539 of the complaint.

58.     Deny the allegations of paragraph 540 of the complaint to the extent the allegations are intended to apply to the HRC Defendants, except admit that Best-Simpson provided certain documentation to the HRC, and otherwise deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 540 of the complaint.

59.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 541 through and including paragraph 650 of the complaint.

60.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 651.

61.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 652 through and including paragraph 672 of the complaint.

62.     Deny the allegations of paragraph 673 of the complaint, except admit that Best-Simpson provided certain documentation to the HRC.

63.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 674, except admit that Best-Simpson provided certain documentation to the HRC.

64.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 675 through and including paragraph 699 of the complaint.

65.    Deny the allegations of paragraph 700 of the complaint to the extent the allegations apply to the HRC Defendants, and otherwise deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 700 of the complaint.

66.    Deny the allegations of paragraph 701 of the complaint.

67.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 702 of the complaint..

68.    Neither admit nor deny the allegations of paragraph 703 through and including paragraph 707 of the complaint, but respectfully refer the Court to Title 8 of the Administrative Code of the City of New York.

69.    Deny the allegations of paragraph 708 of the complaint.

70.    Neither admit nor deny the allegations of paragraph 709, but respectfully refer the Court to Title 8 of the Administrative Code of the City of New York for the responsibilities of HRC.

71.    Paragraph 710 of the complaint is unintelligible; to the extent paragraph 710 alleges that HRC uses its administrative powers to deny due process or otherwise obstruct justice, it is denied.

72.    Deny the allegations contained in paragraph 711 through and including paragraph 731 of the complaint.

73.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 732 through and including paragraph 733 of the complaint.

74.    Deny the allegations contained in paragraph 734 through 738 of the complaint, except admit that certain employees at the New York City Commission on Human Rights are former prosecutors who worked in the Brooklyn District Attorney's office.

75.    Deny the allegations contained in paragraph 739 through and including paragraph 742 of the complaint.

76.    Deny the allegations contained in paragraph 743 of the complaint, except deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 743 of the complaint concerning the perceptions of the public.

77.    Deny the allegations contained in paragraph 744 of the complaint.

78.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 745 of the complaint.

79.    Deny the allegations contained in paragraph 746 of the complaint.

80.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 747 of the complaint.

81.    Deny the allegations contained in paragraph 748 through and including paragraph 752 of the complaint.

82.    Deny the allegations contained in paragraph 753 of the complaint.

83.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 754 of the complaint.

84.    Deny the allegations contained in paragraph 755 through and including paragraph 757 of the complaint.

85.    Deny the allegations contained in paragraph 758 through and including paragraph 762 of the complaint to the extent the allegations apply to the HRC Defendants, and otherwise deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 758 through and including paragraph 762 of the complaint.

86.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 763 of the complaint.

87.    Paragraph 764 of the complaint is unintelligible; to the extent paragraph 764 alleges that an individual made the statements contained therein, HRC Defendants deny knowledge or information sufficient to form a belief as to these statements.

88.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 765 through and including paragraph 768 of the complaint.

89.    Admit the allegations of paragraph 769 of the complaint, but deny the allegations of paragraph 769 of the complaint to the extent that they allege that Derek Bryson Park was appointed during the period that plaintiff submitted her purported charge of discrimination to HRC.

90.    Admit the allegations contained in paragraph 770 of the complaint, except deny that Derek Bryson Park is currently Managing Director of Cohane Realty/Lehman Brothers and deny that Derek Bryson Park is currently responsible for Cohane Realty/Lehman Brothers' Investment Banking Division.

91.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 771 of the complaint.

92.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 772 of the complaint, except deny to the extent that paragraph

772 alleges that any Board member of HRC was inappropriately influenced by another individual.

93.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 773 of the complaint, except deny that Derek Bryson Park resigned from a position on the Board of Commissioners of HRC.

94.     Deny the allegations contained in paragraph 774 of the complaint.

95.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 775 of the complaint, except admit that William Lynch served as Deputy Mayor under Mayor David Dinkins.

96.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 775 through and including paragraph 780 of the complaint.

97.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 781 of the complaint.

98.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 782 through and including paragraph 785 of the complaint.

99.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 786 of the complaint, except deny to the extent that paragraph 786 alleges that any action taken by HRC with respect to Best-Simpson was inappropriately influenced.

100.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 787 of the complaint.

101.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 788 of the complaint.

102.    The responses set forth in paragraphs 1 through 101 are incorporated as if fully set forth herein.

103.    Deny the allegations of paragraph 790 through and including 791 of the complaint to the extent the allegations of paragraph 790 through and including 791 of the complaint apply to the HRC Defendants.

104.    The responses set forth in paragraphs 1 through 103 are incorporated as if fully set forth herein.

105.    Deny the allegations of paragraph 795 of the complaint to the extent the allegations of paragraph 795 of the complaint apply to the HRC Defendants.

106.    The responses set forth in paragraphs 1 through 105 are incorporated as if fully set forth herein.

107.    Deny the allegations of paragraph 797 of the complaint to the extent the allegations of paragraph 797 of the complaint apply to the HRC Defendants.

108.    The responses set forth in paragraphs 1 through 107 are incorporated as if fully set forth herein.

109.    Deny the allegations of paragraph 799 of the complaint to the extent the allegations of paragraph 799 of the complaint apply to the HRC Defendants.

110.    The responses set forth in paragraphs 1 through 109 are incorporated as if fully set forth herein.

111.    Deny the allegations of paragraph 801 of the complaint to the extent the allegations of paragraph 801 of the complaint apply to the HRC Defendants.

112.    The responses set forth in paragraphs 1 through 111 are incorporated as if fully set forth herein.

113.    Deny the allegations of paragraph 803 of the complaint to the extent the allegations of paragraph 803 of the complaint apply to the HRC Defendants.

114.    The responses set forth in paragraphs 1 through 113 are incorporated as if fully set forth herein.

115.    Deny the allegations of paragraph 806 of the complaint to the extent the allegations of paragraph 806 of the complaint apply to the HRC Defendants.

116.    The responses set forth in paragraphs 1 through 115 are incorporated as if fully set forth herein.

117.    Deny the allegations of paragraph 808 of the complaint to the extent the allegations of paragraph 808 of the complaint apply to the HRC Defendants.

118.    The responses set forth in paragraphs 1 through 117 are incorporated as if fully set forth herein.

119.    Deny the allegations of paragraph 810 of the complaint to the extent the allegations of paragraph 810 of the complaint apply to the HRC Defendants.

120.    The responses set forth in paragraphs 1 through 119 are incorporated as if fully set forth herein.

121.    Deny the allegations of paragraph 813 of the complaint to the extent the allegations of paragraph 813 of the complaint apply to the HRC Defendants.

122.    The responses set forth in paragraphs 1 through 121 are incorporated as if fully set forth herein.

123.    Deny the allegations of paragraph 815 of the complaint to the extent the allegations of paragraph 815 of the complaint apply to the HRC Defendants.

124.    The responses set forth in paragraphs 1 through 123 are incorporated as if fully set forth herein.

125.    Deny the allegations of paragraph 817 of the complaint to the extent the allegations of paragraph 817 of the complaint apply to the HRC Defendants.

126.    The responses set forth in paragraphs 1 through 125 are incorporated as if fully set forth herein.

127.    Deny the allegations of paragraph 819 of the complaint to the extent the allegations of paragraph 819 of the complaint apply to the HRC Defendants.

128.    The responses set forth in paragraphs 1 through 127 are incorporated as if fully set forth herein.

129.    Deny the allegations of paragraph 821 of the complaint to the extent the allegations of paragraph 821 of the complaint apply to the HRC Defendants.

130.    The responses set forth in paragraphs 1 through 129 are incorporated as if fully set forth herein.

131.    Deny the allegations of paragraph 823 of the complaint to the extent the allegations of paragraph 823 of the complaint apply to the HRC Defendants.

132.    The responses set forth in paragraphs 1 through 131 are incorporated as if fully set forth herein.

133.    Deny the allegations of paragraph 825 of the complaint to the extent the allegations of paragraph 825 of the complaint apply to the HRC Defendants.

134.    The responses set forth in paragraphs 1 through 133 are incorporated as if fully set forth herein.

135.     Deny the allegations of paragraph 827 of the complaint to the extent the allegations of paragraph 827 of the complaint apply to the HRC Defendants.

## FIRST DEFENSE

136.     Plaintiff fails to state a claim upon which relief can be granted against the HRC Defendants.

## SECOND DEFENSE

137.     Plaintiff's claims under Title VII of the Civil Rights Act of 1964 ("Title VII") against the HRC Defendants are jurisdictionally defective.

## THIRD DEFENSE

138.     Plaintiff's claims under Title VI of the Civil Rights Act of 1964 ("Title VI") against the HRC Defendants are jurisdictionally defective.

## FOURTH DEFENSE

139.     Plaintiff's claims under the Americans with Disabilities Act (the "ADA") against the HRC Defendants are jurisdictionally defective.

## FIFTH DEFENSE

140.     Plaintiff's Title VII claims against the HRC Defendants are barred by the applicable limitations period.

## SIXTH DEFENSE

141.     Plaintiff's Title VI claims against the HRC Defendants are barred by the applicable limitations period.

## SEVENTH DEFENSE

142.     Plaintiff's ADA claims against the HRC Defendants are barred by the applicable limitations period.

- 15 -

**EIGHTH DEFENSE**

143.    Plaintiff fails to state a claim under Title VII upon which relief can be granted against the HRC Defendants.

**NINTH DEFENSE**

144.    Plaintiff fails to state a claim under Title VI upon which relief can be granted against the HRC Defendants.

**TENTH DEFENSE**

145.    Plaintiff fails to state a claim under the ADA upon which relief can be granted against the HRC Defendants.

**ELEVENTH DEFENSE**

146.    Plaintiff's intentional infliction of emotional distress claims against the HRC Defendants are barred by the applicable limitations period.

**TWELFTH DEFENSE**

147.    Plaintiff's fraud claims against the HRC Defendants are barred by the applicable limitations period.

**THIRTEENTH DEFENSE**

148.    Plaintiff's defamation claims against the HRC Defendants are barred by the applicable limitations period.

**FOURTEENTH DEFENSE**

149.    Plaintiff's defamation claims against the HRC Defendants are barred by the doctrine of truth.

**FIFTEENTH DEFENSE**

150.    Plaintiff's defamation claims against the HRC Defendants are barred by the doctrine of privilege.

## SIXTEENTH DEFENSE

151.    Plaintiff fails to state a claim under 42 U.S.C. sec. 1981 upon which relief can be granted against the HRC Defendants.

## SEVENTEENTH DEFENSE

152.    Plaintiff fails to state a claim under 42 U.S.C. sec. 1983 upon which relief can be granted against the HRC Defendants.

## EIGHTEENTH DEFENSE

153.    Plaintiff fails to state a claim under 42 U.S.C. sec. 1985(3) upon which relief can be granted against the HRC Defendants.

## NINETEENTH DEFENSE

154.    The HRC Defendants did not at any relevant time act under color of state law.

## TWENTIETH DEFENSE

155.    Plaintiff fails to state a claim under the Rehabilitation Act of 1973 upon which relief can be granted against the HRC Defendants.

**WHEREFORE**, the HRC Defendants respectfully request judgment, as follows:

> (a)    The dismissal of the entirety of plaintiff's complaint;

> (b)    For such other relief as this Court may deem just and proper.

Dated: New York, New York
        September 19, 2007

> MICHAEL A. CARDOZO
> Corporation Counsel of the
>     City of New York
> *Attorney for Plaintiff the*
>     *City of New York*
> 100 Church Street, Rm. 20-99
> New York, New York 10007
> (212) 788-1324
>
> By: _____
>        ERIC PROSHANSKY EP1777
>        WILLIAM H. MILLER WM4658
> Assistants Corporation Counsel

- 18 -

06 CV 2683 (BSJ) (AJP)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Jane Best-Simpson,

                        Plaintiff,

          -against-

NEW YORK ORGAN DONOR NETWORK, ELAINE BERG, *Individually and in her Professional Capacity,* MICHELE CLAYTON LUCAS, *Individually and in her Professional Capacity,* Julia Rivera, *Individually and in her Professional Capacity and* Martin Woolf *Individually and in his Professional Capacity,* ROBERT GOSSEEN, GALLAGHER, GOSSEEN, FALLER & CROWLEY, THE NEW YORK CITY COMMISSION ON HUMAN RIGHTS, PATRICIA GATLING, *Individually and in her Professional Capacity;* MR RAYMOND WAYNE, *Individually and in his Professional Capacity;* MS. LANNY ALEXANDER, *Individually and in her Professional Capacity and* MR. CLIFF MULQUEEN, *Individually and in his Professional Capacity,*

                        Defendants.

**ANSWER**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for The City of New York*
*100 Church Street, Rm. 20-102*
*New York, New York 10007*

*Of Counsel: Eric Proshansky*
*William Miller*

*Tel: (212) 788-1006*
*LM # 2007-023673*