# GALLAGHER GOSSEEN FALLER & CROWLEY

RECEIVED
NOV 27 2007
CHAMBERS OF
ANDREW J. PECK

ATTORNEYS AT LAW
1010 FRANKLIN AVENUE
SUITE 400
GARDEN CITY, NEW YORK 11530-2927
(516) 742-2500
FAX: (516) 742-2516
WWW.GGFC-LAW.COM

ROBERT I. GOSSEEN
Partner
atty2stars@aol.com

NEW YORK CITY OFFICE:
350 FIFTH AVENUE
SUITE 4810
NEW YORK, N.Y. 10118-4398
(212) 947-5800
FAX: (212) 967-4965

MEMO ENDORSED

11/27/07 Defendants' request to dismiss w/o prejudice is DENIED at this time. Ms. Best-Simpson has outstanding obligations due 12/4 – let's see if she meets her obligations. If she does not, defendants can move for appropriate sanctions. The Court has denied Ms. Best-Simpson's request for a "stay" until January – her obligations thereunder are due ... so ordered.

SO ORDERED:

Hon. Andrew Jay Peck
United States Magistrate Judge

Copy: Ms. Best-Simpson & all counsel

November 27, 2007

Via Facsimile: (212) 805- 7933

Hon. Andrew J. Peck, USMJ
United States District Court for the
Southern District of New York
500 Pearl Street (Room 620)
New York, New York 10007

Re: *Best-Simpson v. New York Organ Donor Network, et al.,*
*Case No:07 CV 2683 (BSJ) (AJB)*

OPPOSITION TO PLAINTIFF'S REQUEST
FOR AN EXTENSION OF TIME AND APPLICATION
FOR AN ORDER DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE

BY FAX

Dear Judge Peck:

## INTRODUCTION

We represent defendants, New York Organ Donor Network, Elaine Berg, Michele Lucas, Julia Rivera, Martin Woolf, Robert I. Gosseen, Esq. and Gallagher Gosseen Faller & Crowley, respectively, on behalf of whom we write to

(a) oppose plaintiff's November 27, 2007 request, in essence, for a stay of this litigation until January 2008; and to

(b) apply to Your Honor for an order dismissing the case without prejudice for 180 days.

THE NOVEMBER 20TH CONFERENCE

At the November20, 2007 conference Your Honor established certain deadlines for the service by plaintiff of her responsive documents and set criteria to which plaintiff must adhere in seeking any extensions of these deadlines. Your Honor extended, for a second time, plaintiff's time to respond to the Initial Rule 26 Disclosures to December 4, 2007[1] – this in a lawsuit commenced by plaintiff more than eight months earlier, on April 2, 2007.

At the conference plaintiff submitted to the court what she contended was medical "evidence"[2] of her alleged disabilities and fragile mental and physical condition. Plaintiff averred that she could not deal with the stress of this litigation and, moreover, was afflicted with unspecified "cognitive disabilities." She requested an open-ended extension of time until, with the advice of her medical team she could get in control of her alleged "disabilities" and presumed to instruct the Court that it is *required* under §504 of the Rehabilitation Act of 1973 ("Rehabilitation Act") to grant her a reasonable accommodation for her (as yet unproven) disabilities.[3] The Court, we submit, correctly informed plaintiff that it was not subject to the Rehabilitation Act and thus not required to grant the

---

1 Defendants had previously agreed several times to extend plaintiff's time to submit this fairly simple document.

2 Most of which was a year to several years out of date.

3 Section 504 of the Rehabilitation Act - Nondiscrimination Under Federal Grants and Programs - provides in relevant part that

> (a) No otherwise qualified individual with a disability in the United States, as defined in section 7(20), shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by *any Executive agency or by the United States Postal Service*. (Emphasis added)

open-ended extension for which plaintiff asked. *See, e.g., Hollingsworth v. Duff,* 444 F.Supp.2d 61, 61 U.S. Dist. LEXIS 52951 (D.D.C. 2006) (in dismissing for lack of jurisdiction Rehabilitation Act discrimination and failure to accommodate claims against the Administrative Office of the U.S. Courts, the court held that "the Rehabilitation Act does not, on its face, apply to judicial branch employees")

Your Honor suggested to plaintiff that if she is not competent to go forward with the litigation *she commenced* she could hire an attorney or seek appointment of a guardian who would in turn retain counsel. As an alternative, the Court suggested that plaintiff could voluntarily dismiss her action *without prejudice* for 180 days to give herself a stress-free period to deal with her alleged "disabilities." Defendants readily agreed to a dismissal without prejudice, and stipulated further that they would not interpose any time-limit defenses not presently available and that they would accept service for their clients, thus saving plaintiff the time and expense of re-serving all of the multiple defendants. Plaintiff requested additional time to consider these alternatives.

PENDING DISCOVERY AND MOTIONS

The NYODN and GGF&C defendants have served the following on plaintiff:

(a) First Interrogatories (to which plaintiff's response is due December 4, 2007);

(b) First Request for Production of Documents (to which plaintiff's response is due December 4, 2007);

(c) Notice of Deposition (for December 18, 2007); and a

(d) Motion to Dismiss Plaintiff's Causes of Action Against the Individual NYODN Defendants and the GGF&C Defendants (returnable before Judge Jones on December 20, 2007).

It is not likely that plaintiff will respond in a timely manner; nor in December 2007; nor in January 2008. Indeed, neither plaintiff nor her alleged medical evidence (the latest example of which is from a physician who concedes that plaintiff isn't currently under his care) can give any assurance that plaintiff will *ever* be able to respond to our discovery requests, sit for a deposition or oppose our motion to dismiss.

PLAINTIFF'S REQUEST FOR AN OPEN-ENDED
STAY IS NOT SUPPORTED BY RELIABLE EVIDENCE

At the November 20, 2007 conference the Court advised plaintiff that any extension of time she seeks of more than one week's duration must be accompanied by the affidavit of each attesting physician. The letters submitted by plaintiff to Your Honor with her letter dated November 27, 2007 fail to comply with the Court's directive. Furthermore, these documents, on their face are of suspect authenticity, largely irrelevant to plaintiff's request for a stay of the lawsuit she has commenced and outdated. For this reason alone plaintiff's request that the Court reconsider its previous denial of her request be denied.

There is another, even more practical reason for the Court to deny plaintiff's application. Neither she nor her "medical evidence" offer any degree of certainty that the stay she has requested will not in effect be open-ended. There is no assurance – in fact, not even a speculative probability – that plaintiff will be in a mental or physical state permitting her to pick up her prosecution of this case in January 2008. Not even the ADA requires an open-ended accommodation of this nature.

IN THE INTERESTS OF JUSTICE AND JUDICIAL ECONOMY
WE REQUEST THAT PLAINTIFF'S CASE BE DISMISSED
WITHOUT PREJUDICE FOR 180 DAYS

As plaintiff has:

(a) failed to comply with this Court's directive in seeking a six or seven week stay of this litigation without submitting medical affidavits;

(b) failed to offer any compelling, new or even credible reasons why the Court should reconsider its denial of plaintiff's application for stay; and

(c) offered no reasonable estimate of any time-frame in which she will be physically, medically or emotionally fit enough to pursue this litigation,

we respectfully ask Your Honor to exercise the Court's discretion to enter an Order dismissing the case without prejudice for 180 days.

A FINAL OBSERVATION

We note that although plaintiff continues to refer in open court and in her filings to her alleged "ADAD" and "cognitive disorders" as reasons for not being able to conform to this Court's discovery schedule, we respectfully submit that at the November 20, 2007 conference plaintiff was lucid, organized and fully cognizant of the proceedings. Moreover, plaintiff apparently was able, without regard to her alleged disabilities and the depredations of stress to draft today's letter motion requesting and extension as well as a sophisticated confidentiality agreement. In other words, Your Honor, plaintiff appears more than able to focus when necessary or convenient for her.

GALLAGHER GOSSEEN FALL Fax:212-967-4965 Nov 27 2007 16:26 P.07

GALLAGHER GOSSEEN FALLER & CROWLEY

Hon. Andrew J. Peck, USMJ
November 27, 2007
Page 6

## CONCLUSION

For all of the reasons stated herein, we respectfully request that the Court dismiss this case without prejudice for 180 days and not extend plaintiff's time to continue discovery.

Respectfully submitted,

GALLAGHER GOSSEEN FALLER & CROWLEY

By: [signature]

Robert I. Gosseen (RG4207)
Attorneys for the NYODN and GGF&C Defendants
1010 Franklin Avenue (Suite 400)
Garden City, New York 11530
(516) 742-2500
(212) 967-4965 (fax)

RIG/fm

cc: Jane Best-Simpson (via e-mail and regular mail)
William Miller, Esq. (via facsimile)

# FAX TRANSMITTAL SHEET

**ANDREW J. PECK**
**UNITED STATES MAGISTRATE JUDGE**
**UNITED STATES DISTRICT COURT**
**Southern District of New York**
**United States Courthouse**
**500 Pearl Street, Room 1370**
**New York, N.Y. 10007-1312**

**Fax No.:** (212) 805-7933
**Telephone No.:** (212) 805-0036

**Dated:** November 27, 2007 **Total Number of Pages:** 7

| TO | FAX NUMBER |
|---|---|
| Robert I. Gosseen, Esq. | 516-742-2516 |
| William Miller, Esq.<br>Eric Proshansky, Esq. | 212-788-1633 |
| | |

## TRANSCRIPTION:

**MEMO ENDORSED 11/27/07**

**Defendants' request to dismiss the case without prejudice is DENIED at this time. Ms. Best-Simpson has certain discovery obligations due 12/4 – let's see if she meets her obligations. If she does not, defendants can move for appropriate sanctions. The Court has denied Ms. Best-Simpson's request for a "stay" until January – her obligations remain according to schedule.**

**Copies to:** Jane Best-Simpson (Email)
Judge Barbara S. Jones