

RECEIVED
DEC 0 3 2007
CHAMBERS OF
ANDREW J. PECK

# GALLAGHER GOSSEEN FALLER & CROWLEY

ATTORNEYS AT LAW

1010 FRANKLIN AVENUE

SUITE 400

GARDEN CITY, NEW YORK 11530-2927

(516) 742-2500

FAX: (516) 742-2516

WWW.GGFC-LAW.COM

**ROBERT I. GOSSEEN**
Partner
atty2stars@aol.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/3/07

NEW YORK CITY OFFICE:
350 FIFTH AVENUE
SUITE 4810
NEW YORK, N.Y. 10118-4396
(212) 847-5900

December 3, 2007

**MEMO ENDORSED** 12/3/07

[handwritten endorsement]

SO ORDERED:

Hon. Andrew Jay Peck
United States Magistrate Judge

Via Facsimile: (212) 805-7933

Hon. Andrew J. Peck, USMJ
United States District Court for the
   Southern District of New York
500 Pearl Street (Room 620)
New York, New York 10007

Re:  *Best-Simpson v. New York Organ Donor Network, et al.,*
     Case No:07 CV 2683 (BSJ) (AJP) *Pro Se Case*

**BY FAX**

## LETTER MOTION FOR AN ORDER
## FOR MENTAL AND PHYSICAL EXAMINATIONS OF PLAINTIFF

Dear Judge Peck:

### INTRODUCTION

We represent defendants, New York Organ Donor Network, Elaine Berg, Michele Lucas, Julia Rivera, Martin Woolf, Robert I. Gosseen, Esq. and Gallagher Gosseen Faller & Crowley, respectively, on behalf of whom we write to request that Your Honor order the physical and mental examination of plaintiff pursuant to Rule 35 comprising:

(1) Internal medicine;

(2) Neurology;

(3) Psychiatry; and, as

(4) Plaintiff has not provided discovery, therefore, other examinations as discovery proceeds and the specialty necessary is identified.

GALLAGHER GOSSEEN FALLER & CROWLEY

Hon. Andrew J. Peck, USMJ
December 3, 2007
Page 2

## THE NOVEMBER 20TH CONFERENCE

At the November 20, 2007 plaintiff submitted to the court what she contended was medical "evidence"[1] of her alleged disabilities and fragile mental and physical condition. Plaintiff averred that she could not deal with the stress of this litigation and, moreover, that she was afflicted with unspecified "cognitive disabilities." She requested an open-ended extension of time until, with the advice of her medical team, she could get in control of her alleged "disabilities". Plaintiff even stated on the record that she could not enter settlement negotiations in this matter because of her current mental state.

Plaintiff, through her pleadings and statements on the record has continuously made her mental and physical state an issue in this case and is claiming she has suffered physical and mental damages as the result of the actions of the defendants.

Your Honor suggested to plaintiff that if she is not competent to go forward with the litigation *she commenced* she could hire an attorney or seek appointment of a guardian who would in turn retain counsel, to date plaintiff has failed to heed this advice.

## FEDERAL RULES OF CIVIL PROCEDURE

Federal Rule 35 states in pertinent part:

---

[1] Section 504 of the Rehabilitation Act - Nondiscrimination Under Federal Grants and Programs - provides in relevant part that (a) No otherwise qualified individual with a disability in the United States, as defined in section 7(20), shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by *any Executive agency or by the United States Postal Service.* (Emphasis added)

**GALLAGHER GOSSEEN FALLER & CROWLEY**

Hon. Andrew J. Peck, USMJ
December 3, 2007
Page 3

    (a)    Order for Examination.

> When the mental or physical condition (including the blood group) of a party or of a person in the custody or under the legal control of a party, is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner or to produce for examination the person in the party's custody or legal control. The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made

### CASE LAW

Rule 35 (a) applies to the physical or mental examination of defendants as well as plaintiffs, and as so applied is constitutional, and authorized by the Rules Enabling Act. *Schlagenhauf v. Holder*, 379 U.S. 104 (1964). There, the Court stated that are situations where the pleadings alone are sufficient to meet the "in controversy" and "good cause" requirements of Fed. R. Civ. P. 35. *Id.* A plaintiff in a negligence action who asserts mental or physical injury places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury. *Id.*

In determining whether "good cause" exists for a mental or physical examination of a party under Rule 35 of the Federal Rules of Civil Procedure, the ability of the movant to obtain the desired information is relevant, and what may be good cause for one type of examination may not be so for another. *Id.*

GALLAGHER GOSSEEN FALLER & CROWLEY

Hon. Andrew J. Peck, USMJ
December 3, 2007
Page 4

The rule is silent as how the examiner is to be chosen, but "the usual attitude is that the moving party has no absolute right to the choice of the physician. *Salemi v. Boccador, Inc.*, 2005 U.S. Dist. LEXIS 6828 (S.D.N.Y. 2005). So long as a plaintiff may select his or her own doctor to testify as to his physical condition, fundamental fairness dictates that a defendant shall have the same right. *Id.* In *Cauley v. Ingram Micro, Inc.*, 216 F.R.D. 245, 247 (W.D.N.Y. 2003), Judge Foschio concluded that plaintiff's mental condition was at issue based upon paragraph twenty-two of the amended complaint. In that paragraph, plaintiff alleges that defendant's misconduct "so filled [her] with stress that she was hospitalized and placed under the care of a physician." *Id.* The court determined that the magistrate did not err in ordering employee, who had brought suit against her employer alleging unlawful gender and age discrimination, to submit to independent medical examination where employee's mental condition was at issue based upon complaint and reminded plaintiff that failure to comply with this order may subject her to serious sanctions, including dismissal of this action with prejudice. *Id.*

## DISCUSSION

We respectfully submit that:

(1) Plaintiff has continuously placed her mental and physical condition at issue in this law suit through her pleadings and her statements;

(2) Plaintiff's statements to the Court indicate that plaintiff has and is alleging physical and emotional damages to herself;[2]

---

2. Although ordered by the defense, to date the transcripts of those conferences have not been delivered are not available for inclusion in this motion.

**GALLAGHER GOSSEEN FALLER & CROWLEY**

Hon. Andrew J. Peck, USMJ
December 3, 2007
Page 5

(3) The pleadings contain numerous allegations of mental and physical conditions, including a claim for intentional infliction of emotional distress at paragraph 789 of her complaint ;[3] and as

(4) As plaintiff has placed her mental and physical condition into controversy we respectfully assert that defendants have the right to the examinations.

## CONCLUSION

For all of the reasons stated herein, we respectfully request that the Court order the requested examinations of plaintiff.

Respectfully submitted,
GALLAGHER GOSSEEN FALLER & CROWLEY

By: *[signature]*
Robert I. Gosseen (RG4207)
Attorneys for the NYODN and GGF&C Defendants
1010 Franklin Avenue (Suite 400)
Garden City, New York 11530
(516) 742-2500
(212) 967-4965 (fax)

RIG/fm

cc: Jane Best-Simpson (via e-mail and regular mail)
William Miller, Esq. (via facsimile)

---

3. Plaintiff allegations include being told by a psychiatrist to divulge disabilities; the medication she is taking and numerous other physical and mental issues. As a small sampling the Court is pointed to plaintiff's complaint paragraphs: 196 xii, 216, 259, 260, 262, 267, 341, 345, 348, 349, 350, 351, 355, 356, 357, 358, 370, 579, 580 and 587.

# FAX TRANSMITTAL SHEET



## ANDREW J. PECK
## UNITED STATES MAGISTRATE JUDGE
## UNITED STATES DISTRICT COURT

Southern District of New York
United States Courthouse
500 Pearl Street, Room 1370
New York, N.Y. 10007-1312

Fax No.:       (212) 805-7933
Telephone No.: (212) 805-0036

**Dated:** December 3, 2007     **Total Number of Pages:** 6

| TO | FAX NUMBER |
|---|---|
| Robert I. Gosseen, Esq. | 516-742-2516 |
| William Miller, Esq. / Eric Proshansky, Esq. | 212-788-1633 |
|  |  |

# TRANSCRIPTION:

**MEMO ENDORSED 12/3/07**

Defendants are granted permission to have Rule 35 mental and physical examinations of the plaintiff. The Court requests defense counsel agree on joint examinations.

Copies to:  Jane Best-Simpson (Email)
            Judge Barbara S. Jones